**2017 UT App 223**

## THE UTAH COURT OF APPEALS

MERITAGE COMPANIES LLC,
Appellant,

*v.*

ROBERT GROSS AND AK MERITAGE COMPANIES LLC,
Appellees.

Opinion
No. 20160381-CA
Filed November 30, 2017

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 150906138

M. Darin Hammond, Attorney for Appellant

David C. Wright and Brooke M. Wangsgard,
Attorneys for Appellees

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
KATE A. TOOMEY and DAVID N. MORTENSEN concurred.

HAGEN, Judge:

¶1 Meritage Companies LLC (Meritage) is embroiled in litigation in Alaska. The adverse parties in that litigation, Robert Gross and AK Meritage Companies LLC (collectively, AK Meritage), filed a lis pendens in Utah, claiming the action pending in Alaska potentially affects Utah real estate. Meritage filed a motion in a Utah district court seeking several forms of relief related to the lis pendens. The district court denied that motion, and Meritage appeals. We affirm.

### BACKGROUND

¶2 AK Meritage recorded a lis pendens in Weber County, Utah, concerning two parcels of land located in North Ogden

(collectively, the North Ogden Properties). Meritage is listed as owner on the title to the North Ogden Properties and is in the process of developing those parcels. The lis pendens gave "notice . . . of an action affecting title to" the North Ogden Properties and referenced an Alaska lawsuit captioned *Meritage Companies, LLC (Alaska entity 1001428) and Jack Barrett v. Robert "Bob" Gross and AK Meritage Companies, LLC (Alaska entity 86426)*, Case No. 3AN-15-8320 CI.

¶3    Meritage initiated this action by filing a Petition for Nullification of Lis Pendens (the Petition) in the Second District Court in Ogden, Utah. Meritage claimed that the lis pendens was delaying its development project and filed a motion seeking to release the lis pendens or, in the alternative, to require AK Meritage to post sufficient guarantee (the Motion). In the Motion, Meritage also requested an injunction, prohibiting AK Meritage from maintaining the lis pendens or otherwise attempting to encumber the North Ogden Properties. After hearing argument and receiving evidence on the Motion, the district court found that "the only [court] that has the authority to release [the] lis pendens is . . . the Alaska court." Accordingly, the district court denied the Motion for release of the lis pendens, posting of a guarantee, and injunctive relief.

ISSUES AND STANDARDS OF REVIEW

¶4    On appeal, Meritage challenges the denial of the three types of relief sought in its Motion. First, Meritage contends that the district court erred in denying its request for release of the lis pendens. Second, Meritage contends that the district court erred in denying its request for a guarantee. Both issues concern the district court's statutory interpretation and application and are reviewed for correctness. *See Bott v. Osburn*, 2011 UT App 139, ¶ 5, 257 P.3d 1022 ("The proper interpretation and application of a statute is a question of law which we review for correctness, affording no deference to the district court's legal conclusions." (citation and internal quotation marks omitted)).

¶5 Meritage also contends that the district court erred in denying its request for injunctive relief. This issue is reviewed for abuse of discretion. *See Water & Energy Sys. Tech., Inc. v. Keil*, 1999 UT 16, ¶ 6, 974 P.2d 821. An appellate court "will not disturb a district court's grant [or denial] of a preliminary injunction unless the district court abused its discretion or rendered a decision against the clear weight of the evidence." *Id.*

## ANALYSIS

### I. Denial of Release of Lis Pendens

¶6 Meritage contends the district court erred in ruling that only the Alaska court has authority to review a motion to release the lis pendens recorded on the North Ogden Properties.

¶7 A lis pendens is a notice of a pending action that affects "the title to, or the right of possession of, real property." Utah Code Ann. § 78B-6-1303(1) (LexisNexis 2012).[1] "It charges the public with notice of outstanding claims and causes one who deals with property involved in pending litigation to do so at his peril." *Hidden Meadows Dev. Co. v. Mills*, 590 P.2d 1244, 1247 (Utah 1979). Under Utah Code section 78B-6-1304(1), a party to an action "may make a motion to the court in which the action is pending to release the notice."

---

1. References to the lis pendens statute concern the version in effect when the notice was recorded in 2015. *See* Utah Code Ann. §§ 78B-6-1303, 78B-6-1304 (LexisNexis 2012). The statute was amended effective May 10, 2016. *Id.* (Supp. 2017). Under the current version, a party may file a lis pendens only if the action that affects real property is pending in federal or state courts in Utah. Neither party suggests that this amendment affects the validity of the lis pendens in this case, which was filed prior to the change in the law.

¶8     The district court correctly interpreted this statute, ruling that it did not have the authority to substantively address the Motion to release the lis pendens. Under the statute, a party to an action may move for release of a lis pendens only in "the court in which the action is pending." Utah Code Ann. § 78B-6-1304(1). In the present case, the lis pendens gives notice of an action pending in Alaska. Therefore, the district court properly interpreted and applied Utah Code section 78B-6-1304(1) in concluding that the only court with the authority to address the Motion for release is the Alaska court.

¶9     Meritage also claims that the district court had authority to adjudicate claims to the North Ogden Properties pursuant to Utah Code section 78B-6-1301. Section 1301 allows a party to bring an action to quiet title. While the Petition mentions the term "quiet title," it was expressly filed, not as a quiet title action, but as a Petition for Nullification of Lis Pendens "pursuant to Utah Code Annotated [section] 78b-6-1304." Neither the Petition nor the Motion refers to section 78B-6-1301.

¶10     Meritage further asserts that the court had authority to dissolve the lis pendens under the Wrongful Lien Act. *See generally id.* §§ 38-9-101 to -305 (2014). Although the Motion mentioned the Wrongful Lien Act, this action was not filed as such. A petition filed under the Wrongful Lien Act must "state with specificity the claim that the lien is a wrongful lien and shall be supported by a sworn affidavit of the record interest holder." *Id.* § 38-9-205(2). In the Petition, Meritage neither cited the Wrongful Lien Act nor complied with its requirements.[2]

---

2. We note that review of a lis pendens under the Wrongful Lien Act is limited to evaluating whether (1) the claimant filing the lis pendens is a party to a pending action, and (2) the pending action affects "title to, or the right of possession of, real property." *Id.* § 78B-6-1303. In making this determination, the court confines its review to the face of the underlying claims. *See Winters v. Schulman*, 1999 UT App 119, ¶¶ 18–22, 977 P.2d 1218;

(continued…)

Instead, Meritage filed a petition and motion to release the lis pendens under section 78B-6-1304(1), which could only be filed with the Alaska court. Therefore, the district court correctly denied the Motion to release the lis pendens.

## II. Denial of Guarantee

¶11 Meritage contends that the district court "mistakenly ruled that no bond or guarantee should be posted in order to maintain the Lis Pendens." It argues that a bond was necessary "because of the pending real estate development" that the lis pendens allegedly impeded.

¶12 The governing statute for motions relating to a lis pendens provides that "a court may require the claimant to give the moving party a guarantee as a condition of maintaining the notice." Utah Code Ann. § 78B-6-1304(4). Assuming, without deciding, that a motion seeking a guarantee can be brought in a court other than one in which the underlying action is pending, the statutory language is permissive. It was well within the district court's discretion to deny the request for a guarantee, particularly in light of the fact that the merits of the underlying action were not before it. Meritage has not shown that the district court erred in interpreting or applying the governing statute.

## III. Denial of Injunctive Relief

¶13 Finally, we conclude that the district court did not exceed its discretion when it denied Meritage's request for injunctive

---

(…continued)

*Eldridge v. Farnsworth*, 2007 UT App 243, ¶ 50, 166 P.3d 639. Here, the record establishes that AK Meritage is a party to the Alaska action and has asserted counterclaims, alleging that the North Ogden Properties are wrongfully titled in Meritage's name.

relief. Meritage asked the district court to order "that [AK Meritage] may not maintain the Lis Pendens on the North Ogden Properties and that [AK Meritage] may not further record any other document encumbering [Meritage's] real property interest therein." Meritage cannot subvert the statutory directive of section 78B-6-1304 merely by recasting the Motion as a request for injunctive relief. Because the district court did not have authority under Utah Code section 78B-6-1304 to release the lis pendens, the district court did not abuse its discretion when it denied injunctive relief.

CONCLUSION

¶14 We conclude that the district court did not err in denying Meritage's Motion to release the lis pendens, to require a guarantee, or to issue an injunction.

¶15 Affirmed.

––––––––––