2018 UT App 67

# THE UTAH COURT OF APPEALS

MATTHEW JAY HOLSTE,
Appellant,
*v.*
STATE OF UTAH, GARY R. HERBERT, SEAN D. REYES,
DEPARTMENT OF CORRECTIONS, AND ROLLIN COOK,
Appellees.

Opinion
No. 20160965-CA
Filed April 19, 2018

Third District Court, Salt Lake Department
The Honorable Paul G. Maughan
No. 160904796

Nathan K. Phelps, Attorney for Appellant

Sean D. Reyes, Erin T. Middleton, Amanda N.
Montague, Attorneys for Appellees

JUDGE RYAN M. HARRIS authored this Opinion, in which JUDGES
KATE A. TOOMEY and JILL M. POHLMAN concurred.

HARRIS, Judge:

¶1      Matthew Jay Holste (Holste) filed this lawsuit seeking a judicial declaration that he is not required to register as a sex offender under Utah law. The district court dismissed Holste's lawsuit, and determined that Holste does indeed need to register as a sex offender. We agree, and therefore affirm.

¶2      In 2006, while residing in Idaho, Holste entered a plea of guilty to one count of lewd conduct with a minor under sixteen years of age, in violation of Idaho law. *See* Idaho Code Ann. § 18-1508 (West 2018). Upon entry of Holste's plea, the Idaho court

ordered "that the entry of judgment be withheld,"[1] and placed Holste on probation for a term of eight years conditioned upon, among other requirements, Holste registering as a sex offender. *See id.* § 18-8307 (West 2018) (establishing the procedure for a criminal defendant to register as a sex offender). Thereafter, Holste registered as a sex offender in Idaho, and successfully complied with the other terms of his probationary sentence. In 2010, the Idaho court entered an order setting aside Holste's guilty plea and dismissing the case with prejudice. The 2010 order did not affect Holste's registration requirement; indeed, Holste concedes that he is still required to register as a sex offender in Idaho.

¶3     In or about 2010, Holste moved from Idaho to Utah, and soon thereafter he received a letter from the Utah Department of Corrections (the Department) informing him that he was "required to register as a sex offender [in Utah] because of [his] Idaho State conviction in 2006." Holste complied, and registered in Utah as a sex offender, and has been so registered ever since.

¶4     In 2016, Holste filed this lawsuit, seeking a declaratory judgment that he was not required to register as a sex offender in Utah. The Department moved to dismiss Holste's lawsuit,

---

1. This procedure is analogous to Utah's plea in abeyance procedure. *Compare* Idaho Code Ann. § 19-2604(1) (West 2018) (stating that a defendant "who has received a withheld judgment," upon a showing that the defendant "did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of any probation," may be permitted, upon request, to "set aside the plea of guilty"), *with* Utah Code Ann. § 77-2a-3(3) (LexisNexis 2017) ("Upon finding that a defendant has successfully completed the terms of a plea in abeyance agreement, the court may reduce the degree of the offense or dismiss the case . . . .").

asserting that Utah law requires Holste to register as a sex offender in Utah. The district court agreed with the Department, and determined that Holste was and is required to register, and therefore dismissed Holste's lawsuit for declaratory relief. Holste now appeals.

¶5    We review for correctness a district court's ruling on a motion to dismiss. *Bylsma v. R.C. Willey*, 2017 UT 85, ¶ 10. Likewise, we review for correctness the district court's interpretation of a statute. *Meritage Cos. v. Gross*, 2017 UT App 223, ¶ 4, 409 P.3d 111.

¶6    The term "offender," as defined in Utah's sex offender registration statutes, includes any person who falls within the statutory definition of "sex offender." *See* Utah Code Ann. § 77-41-102(11) (LexisNexis 2017). The term "sex offender," in turn, includes (among other categories of persons) anyone "who is required to register as a sex offender by any state . . . ." *Id.* § 77-41-102(17)(c)(i). Because the state of Idaho requires him to register as a sex offender, Holste concedes that he is both a "sex offender" and an "offender" as those terms are defined in Utah's statutory scheme.

¶7    Holste nevertheless argues that, despite his status as a "sex offender" under Utah law, he need not register as such. His argument in this regard is based on the premise that Utah's statutory scheme requires only a subset of (i.e., less than all) sex offenders to actually register. Holste grounds his interpretation in the text of Utah Code section 77-41-105(1), which states that "[a]n offender convicted by any other jurisdiction is required to register." Utah Code Ann. § 77-41-105(1) (LexisNexis 2017). Holste asserts that, due to the dismissal of his Idaho criminal case, he cannot be considered "convicted" by any other jurisdiction, and therefore he need not register as a sex offender in Utah.

¶8     Even if we assume, for purposes of this appeal, that the term "convicted" means what Holste says it means,[2] and that therefore subsection (1) does not apply to him, Holste's argument still suffers from a fatal infirmity: Holste ignores the plain language of subsection (3)(a), which states that "an offender shall . . . register." *Id.* § 77-41-105(3)(a).[3] Because Holste concedes that he is an "offender," this statutory provision is dispositive of this appeal: all offenders shall register, even if they do not fit within any of the other subsections of the statute.

---

2. The Utah sex offender registry statutes do not contain a definition of "convicted," although other sections of the Utah Code use the term "conviction" in a way that may suggest that a plea held in abeyance is not a "conviction." *See* Utah Code Ann. § 77-2a-2(1) (LexisNexis 2017) (differentiating between a "plea [held] in abeyance" and a "judgment of conviction"). To erase any ambiguity, other states have separately defined the term "conviction" within their sex offender registry statutes. In Idaho, for instance, a "conviction" for the purposes of the sex offender statutes "means that the person has pled guilty or has been found guilty, notwithstanding the form of the judgment or withheld judgment." *See* Idaho Code Ann. § 18-8304(3) (West 2018). Our disposition of this case by reference to subsection (3)(a) relieves us of having to here decide what the legislature intended the term "convicted" to mean in Utah's sex offender statutes, and specifically whether the legislature intended for that term to be defined by reference to other states' laws.

3. During oral argument, we raised the potential applicability of Utah Code section 77-41-105(3)(a), which neither the parties nor the district court addressed, and invited the parties to file supplemental briefs addressing its potential applicability, which invitation both parties accepted.

¶9 Holste attempts to escape the plain language of subsection (3)(a) by arguing that interpreting that subsection to require registration of every "offender" would eviscerate subsection (1) and render it mere "surplusage"; indeed, the provisions of subsection (3)(b) already require "an offender who is convicted in another jurisdiction" to "register." *See* Utah Code Ann. § 77-41-105(3)(b); *see also State v. Jeffries*, 2009 UT 57, ¶ 9, 217 P.3d 265 (explaining that "statute[s] should be construed . . . so that no part [or provision] will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another" (alterations in original) (citation and internal quotation marks omitted)). We are unpersuaded. Even under our interpretation of subsection (3)(a), subsection (1) retains vitality because, unlike subsection (3)(a) or (3)(b), it informs offenders who were "convicted" in another jurisdiction how soon they must register in Utah upon moving here. *See* Utah Code Ann. § 77-41-105(1) (stating that "offender[s] convicted by any other jurisdiction . . . shall register . . . within 10 days of entering the state").

¶10 Although the district court did not address the applicability of subsection (3)(a), an appellate court can affirm on any basis supported by the record. *See State v. Kropf*, 2015 UT App 223, ¶ 9, 360 P.3d 1. We hold that subsection (3)(a) requires all "offenders" who do not fit within any of the other subsections to register as a sex offender with Utah's Sex Offender Registration Program. Because Holste is an "offender" who (at least according to his definition of "conviction") does not fit within any of the other subsections, subsection (3)(a) requires him to register. On this basis, we affirm the district court's order granting the Department's motion to dismiss.

───────